**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

| | | |
|---|---|---|
| **MICHAEL SHANE HURD,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| | ) | |
| **vs.** | ) | **CASE NO. 3:09-1136** |
| | ) | **JUDGE CAMPBELL/KNOWLES** |
| | ) | |
| | ) | |
| **SUMNER COUNTY JAIL, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

### REPORT AND RECOMMENDATION

This matter is before the Court upon a "Motion to Dismiss" filed by Defendant Southern Health Partners. Docket No. 16. Defendant argues that Plaintiff's Complaint establishes that he has failed to exhaust his administrative remedies as required by the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e. Defendant argues that the PLRA provides that "[n]o action shall be brought with respect to prisoner conditions under section 1983 of this title, or any Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Defendant further argues that, in Section II of his Complaint, Plaintiff checked the "No" box in response to a question whether he had "presented these facts to the authorities who operate the detention facility." Docket No. 16, p. 1. Additionally, in response to a question as to why he had not done so, he stated, "I just started my paper work."

For a number of years, case law in the Sixth Circuit required prisoner plaintiffs, as part of their prima facie case in a prisoner conditions lawsuit, to allege that they had exhausted their

administrative remedies.  *See, e.g., Knuckles El v. Toombs,* 215 F.3d 640, 642 (6th Cir. 2000) .

The Supreme Court, however, recently negated that case law, holding that exhaustion of

administrative remedies is an affirmative defense which must be raised by defendants.  *Jones v.*

*Bock*, 549 U.S. 199 (2007), *reversing Jones v. Bock*, 2005 WL 1400205 (6th Cir.).

Defendant cites two post-*Jones* cases from district courts within the Sixth Circuit for the

proposition that, if the Complaint itself establishes that Plaintiff has not exhausted his

administrative remedies, Plaintiff's claims should be dismissed.  *See Smith v. Lappin,* 2009 WL

3161490 (E.D. Ky.); *Moses v. Rapelje,* 2009 WL 1260010 (E.D. Mich.).  In both those cases,

however, there was no question that the correctional facilities at issue actually had available

administrative remedies.

The plain language of § 1997e(a) requires a prisoner to exhaust only "such administrative

remedies as are available."  Nothing on the face of the Complaint or in the record of this action

establishes that Defendant Sumner County Jail even has a grievance system or other

administrative remedies available.  Thus, the Court cannot conclude from the face of the

Complaint that Plaintiff has failed to exhaust "such administrative remedies as are available."

Moreover, the statement in Plaintiff's Complaint that he had "just started [his] paper

work," is ambiguous, and does not establish the existence of a grievance system or other

administrative remedies at the Sumner County Jail.

For the foregoing reasons, the undersigned recommends that Defendant's "Motion to

Dismiss" (Docket No. 16) be DENIED.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14)

days after service of this Report and Recommendation in which to file any written objections to

this Recommendation with the District Court. Any party opposing said objections shall have fourteen (14) days after service of any objections filed to this Report in which to file any response to said objections. Failure to file specific objections within fourteen (14) days of service of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *See Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L. Ed. 2d 435 (1985), *reh'g denied*, 474 U.S. 1111 (1986); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.


E. Clifton Knowles
United States Magistrate Judge

Case 3:09-cv-01136   Document 23   Filed 03/03/10   Page 3 of 3 PageID #: 54